# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RYAN KELLY,
        Plaintiff

      v.

VILLAGE OF FOX LAKE, *et al.*,
        Defendants

No. 25 CV 15047

Judge Jeremy C. Daniel

## ORDER

The defendant's motion to dismiss [11] is granted. All claims are dismissed with prejudice. Civil case terminated.

## STATEMENT

### Background and Legal Standard

This case is before the Court on Defendant Village of Fox Lake's (the "Village") motion to dismiss Plaintiff Ryan Kelly's complaint. (*See generally* R. 12.) The following description of events underlying these claims is drawn from the complaint and presumed true for the purpose of resolving this motion. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The plaintiff was employed by the defendant as Director of the Northwest Region Water Reclamation Facility. (R. 11 ¶ 16.)[1] In 2013, the plaintiff identified and documented what he alleged to be the improper diversion of Northwest Region funds into the Village's general fund. (*Id.* ¶ 41.) He continued to identify such diversions and report them to Village officials throughout the following decade. (*Id.* ¶¶ 42, 61). From November 2022 to February 2023, the plaintiff had various communications with Village officials regarding alleged official misconduct by Village administrator Deborah Waszak and Police Chief Jimmy Lee. (*Id.* ¶ 117.)

The Mayor of Fox Lake notified the plaintiff in January 2023 that he would be hiring the law firm Clark Baird Smith to initiate an independent investigation into the reports of misconduct and announced it publicly the following month. (*Id.* ¶¶ 120, 136.) The plaintiff made an official complaint to Chief Lee and the Lake County State's Attorney Office on March 15, 2023. (*Id.* ¶¶ 175–77.) He alleges that, one day later, he was placed on administrative leave, and that the Deputy Police Chief

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

conducted a warrantless search of his office. (*Id.* ¶¶ 190, 195.) The police justified their search by citing the plaintiff's use of a voice-recording pen during meetings. (*Id.* ¶ 236.) On March 18, 2023, the plaintiff was arrested, for which he claims there was no basis or probable cause. (*Id.* ¶¶ 272–84.) Later, he learned that it was based on his use of the recording pen to eavesdrop on police meetings. (*Id.* ¶ 349.) The plaintiff then alleges that in September 2023, in response to a FOIA request, the Village released his personnel records, which included unredacted personal identifying information such as his social security number, date of birth, and home address. (*Id.* ¶¶ 473–78.)

In April 2025, a Lake County grand jury indicted the plaintiff on charges of eavesdropping, burglary, and theft. (*Id.* ¶ 517.) The plaintiff alleges that these charges were brought for a retaliatory purpose. (*Id.* ¶ 619.) The plaintiff filed a state court lawsuit against the Village of Fox Lake in October 2025, which was removed to federal court in December 2025. (*See generally* R. 1; R. 1-1.) Kelly then amended his complaint in January 2026. (R. 11.) He claims the Village violated Amendments I, IV, V, and XIV of the United States Constitution, the Illinois Whistleblower Act, the Illinois Identity Protection Act, and the Illinois Public Officers Prohibited Activities Act. (*See generally id.*)

A Rule 12(b)(6) motion tests whether the plaintiff has provided "enough factual information to state a claim to relief that is plausible on its face and has raised a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

<u>Analysis</u>

**Rule 8 Compliance**

The defendant first argues that the complaint violates Rule 8 of the Federal Rules of Civil Procedure. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Srivastava v. Daniels*, 409 F. App'x 953, 955 (7th Cir. 2011). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."

Reading the complaint in its entirety, the Court finds that the plaintiff has failed to comply with Rule 8. The amended complaint is not short. It has 620 paragraphs and is often repetitive. (*See, e.g.*, *id.* ¶¶ 587, 591.) Many of these paragraphs contain subparagraphs, and the subsections under "Factual Allegations" stretch from part "A" to part "RR." (*Id.* at 71.) It is also not plain. It attaches thirty-eight exhibits numbering 302 pages, or three times the number of pages in the complaint itself. Attaching a high quantity of lengthy exhibits to a complaint does not constitute a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *Pearson v. Gesner*, 125 F.4th 400, 406–07 (2d Cir. 2025).[2]

While the Court chooses not to dismiss the complaint solely based on its non-compliance with Rule 8, it reminds the plaintiff that, even if he proceeds *pro se*, he is not entitled to inundate the defendants or the Court with hundreds of pages of material to wade through when filing a complaint.

**Statutes of Limitations**

The defendant next argues that the plaintiff's claims are barred by the statutes of limitations under the Illinois Tort Immunity Act and Section 1983 of the Civil Rights Act of 1964. *See* 745 ILCS 10/8-101; 42 U.S.C. § 1983.

The Illinois Tort Immunity Act establishes a one-year statute of limitations for any actions brought "against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101. The defendant argues that Counts I, II, and III are barred by this statute of limitations. The Court assesses dismissal of Count II on separate grounds below.

Counts I and III allege that the defendant retaliated against the plaintiff in violation of the Illinois Whistleblower Act and the Public Officers Prohibited Activities Act by, among other things, placing him on administrative leave and suspending him without pay. 740 ILCS 174/15(a); 5 ILCS 105/4.1. "[T]he Supreme Court of Illinois treats retaliatory discharge as a tort." *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 723

---

[2] Other district courts have, persuasively, held the same. *See Craig v. Conn. Dep't of Mental Health & Addiction Servs.*, No. 3:16-CV-2100 (JCH), 2017 WL 5892193, at *7 n.7 (D. Conn. Nov. 28, 2017) ("While exhibits may supplement facts plead in a complaint, the plaintiff cannot refer the court to exhibits as a substitute for following Rule 8's requirement to state claims with sufficient clarity that the defense, and the court, have notice of what is being plead and can assess the merits of the complaint."); *see also Eaves v. Castro*, No. 1:09-cv01647-SKO PC, 2010 WL 2817069, at *3 (E.D. Cal. Jul. 16, 2010) ("Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a 'short' nor 'plain' statement of Plaintiff's claims.").

(7th Cir. 1994) (citing *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353 (Ill. 1978)); *see also Boyles v. Greater Peoria Mass Trans. Dist.*, 499 N.E.2d 435, 439 (Ill. 1986). Thus, the one-year statute of limitations applies. The plaintiff alleges that the retaliatory discharge occurred in 2023, (R. 11 ¶ 190), which is over one year prior to the filing of this suit in October 2025. (*See* R. 1.) These claims are accordingly dismissed with prejudice. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[I]f the statute of limitations has run the dismissal is effectively with prejudice.").

Count IV alleges that the defendant violated the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. U.S. Const. amend. I, IV, V, XIV. In Illinois, the statute of limitations for a § 1983 claim is two years. *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) ("The appropriate statute of limitations for § 1983 cases filed in Illinois is two years, as set forth in Illinois' personal injury statute, 735 Ill. Comp. Stat. 5/13-202."). All of the conduct underlying these claims occurred in early 2023, which is more than two years prior to the filing of the suit; the plaintiff was suspended and his office was searched in March 2023. (*See* R. 11 ¶¶ 605–11.) Therefore, Count IV is dismissed with prejudice. *See Elmore*, 227 F.3d at 1011.

Count V alleges that the defendant retaliated against the plaintiff in violation of the First Amendment of the United States Constitution through a retaliatory indictment. U.S. Const. amend. I. "Generally, the statute of limitations clock begins to run on First Amendment retaliation claims immediately after the retaliatory act occurred." *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). The accrual date is when the plaintiff "knows or should know that his or her constitutional rights have been violated." *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). The plaintiff alleges that he was arrested on March 18, 2023. (R. 11 ¶¶ 272, 279.) The arrest is sufficient to show that the plaintiff was on notice of the alleged violation of his constitutional rights. Thus, the § 1983 action began to accrue on March 18, 2023, which is more than two years prior to the filing of this lawsuit in October 2025. Count V is dismissed with prejudice. *See Elmore*, 227 F.3d at 1011.

**Private Rights of Action**

Count II alleges that the defendant violated the Illinois Identity Protection Act. 5 ILCS 179/10. The defendant argues that this statute does not create a private right of action under which the plaintiff can recover damages. This is correct. The enforcement mechanism outlined in the statute is simply a Class B misdemeanor. 5 ILCS 179/45. No provision of the statute expressly permits any aggrieved party to pursue damages. Though "[a] court may determine that a private right of action is implied in a statute," this is rare. *Fisher v. Lexington Health Care Inc.*, 722 N.E.2d 1115, 1117 (Ill. 1999); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).

4

> Implication of a private right of action is appropriate if: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute.

*Id.* at 1117–18. The Court finds that the express inclusion of an existing remedy under criminal law means that the implication of a private right of action under the statute is not warranted. *See Brown*, 441 U.S. at 316 (citing *Cort v. Ash*, 422 U.S. 66, 95 (1975) ("[T]his Court has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"). Accordingly, because amendment would be futile, Count II is dismissed with prejudice. *Sereda v. Nomad Freight, Inc.*, No. 25-1584, 2026 WL 511138 (7th Cir. Feb. 24, 2026).[3]

Date: April 7, 2026

_____

JEREMY C. DANIEL
United States District Judge

---

[3] Because the Court dismisses all claims on other grounds, it need not reach either the issues of liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), or the sufficiency of the complaint's allegations.